UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNARD JARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:10-cv-1907-M |
| | § | |
| CHASE HOME FINANCE LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's Motion for Leave to File "2nd Amended Petition" [Docket Entry # 15]. For the reasons stated below, the Motion is **GRANTED**.

### I. BACKGROUND

Plaintiff Kennard Jarrett commenced this action by filing his Original Petition in state court on September 2, 2010, asserting claims against Defendant Chase Home Finance for predatory lending, fraud, violations of the Truth in Lending Act, breach of the implied covenant of good faith and fair dealing, and breach of contract. Jarrett brings these claims in connection with a loan he obtained from Chase. The Original Petition does not specify the nature of this loan or the date of its origination, but later filings have revealed that this case arises from a home mortgage obtained in November 2005.

Chase timely removed this case to federal court on September 22, 2010, and filed a Motion to Dismiss six days later. Jarrett filed a response to the Motion to Dismiss on November 19, 2010, thirty days after it was due. The response states merely that Jarrett "denies that [he] fails to state a claim upon which relief may be granted." (Pl.'s Resp. 1.)

On December 31, 2010, Jarrett filed a Motion for Leave to File Amended "Petition"

(hereinafter, "First Motion to Amend"), to which he attached, as Exhibit A, a document titled "Plaintiff's 1st Amended Petition."  In a notice filed on January 4, 2011, Chase stated that it did not oppose Jarrett's request to file that document, and on the same day the Court granted Jarrett leave to amend.  On January 11, Jarrett filed a document titled "Plaintiff's 1st Amended Petition" (hereinafter, "First Amended Complaint"); however, the document Jarrett filed was substantively different from the document he had attached to his First Motion to Amend.

On January 12, 2011, before this discrepancy was brought to the Court's attention, the Court denied Chase's Motion to Dismiss as moot because the pleading Chase sought to dismiss, the Original Petition, was no longer Jarrett's live pleading.  However, on January 17, Chase moved to strike the First Amended Complaint, arguing that it was not the document the Court had granted Jarrett leave to file because it differed from the document attached to Jarrett's First Motion to Amend.  Before the Court ruled on Chase's Motion to Strike, however, Jarrett filed his "Motion for Leave to File 2nd Amended Petition" (the "Second Motion to Amend"), which is currently before the Court.  Attached to the Second Motion to Amend is a document titled "Plaintiff's 2nd Amended Petition" (hereinafter, "Second Amended Complaint").

On January 24, 2011, the Court granted Chase's Motion to Strike, and Jarrett's First Amended Complaint was stricken.  Once again, the Original Petition became Jarrett's live pleading in this case, and thus, on February 11, Chase filed a Motion Reurging Its Previously Filed Motion to Dismiss.  Thus, in five months, this case has literally ended up where it started.

With his Second Motion to Amend, Jarrett seeks leave to file his Second Amended Complaint.  The "Facts" section of the Second Amended Complaint contains only the following two sentences: "Defendant acted as the mortgage bank for Plaintiff's home loan.  Defendant has breached the contract by misapplying payments received from Plaintiff."  Of the five claims

alleged in the Original Petition, the Second Amended Complaint retains only the breach of contract claim, which is unchanged between the Original Petition and the Second Amended Complaint.

## II.     ANALYSIS

Federal Rule of Civil Procedure 15 directs the Court to freely give a party leave to amend its pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). "Denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment." *United States ex rel. Steury v. Cardinal Health, Inc.*, 625 F.3d 262, 270 (5th Cir. 2010).

Defendant's sole argument against granting Jarrett leave to amend is that Jarrett sought to manipulate the Court's jurisdiction previously when he filed a different pleading than the one he had been granted leave to file, and therefore, should not be allowed to amend again. Jarrett responds that there is no logical explanation for Chase to oppose an amended pleading that significantly narrows the claims against it and seeks a lesser amount of damages than does the Original Petition.

Chase has not demonstrated that the amendment is sought in bad faith or would cause undue delay. Chase also has not demonstrated that permitting Jarrett to amend would cause Chase undue prejudice. Finally, although Jarrett's previous attempt to amend was far from seamless, it does not constitute a repeated failure to cure deficiencies in his pleading. Therefore, Jarrett's Second Motion to Amend is **GRANTED**. On or before March 18, 2011, Jarrett may file the document attached to his Second Motion to Amend, **and no other**. The amended pleading that Jarrett files may not differ, **in any respect**, from that attached to his Motion, except

that Jarrett may, and should, designate that document as an amended *complaint*, not a petition.

Although the Original Petition will no longer be Jarrett's live pleading, the Court will not dismiss as moot Chase's Motion to Dismiss. The allegations in Jarrett's Second Amended Complaint are the same as the breach of contract allegations in the Original Complaint, and Chase specifically addresses those allegations in its Motion to Dismiss. Further, Jarrett will not now be permitted to respond to Chase's Motion, because he failed to file a timely response when it was originally filed.

**SO ORDERED**.

March 15, 2011.

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**