UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENNARD JARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:10-cv-1907-M |
| | § | |
| CHASE HOME FINANCE LLC, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant Chase Home Finance's Motion Reurging Its Previously Filed Motion to Dismiss [Docket Entry #18], and Motion to Strike Plaintiff's Second Amended Complaint [Docket Entry #25]. Also before the Court is Plaintiff Kennard Jarrett's Motion to Remand [Docket Entry #24]. For the reasons explained below, Chase's Motion to Strike is **DENIED**, Jarrett's Motion to Remand is **DENIED**, and Chase's Motion Reurging its Motion to Dismiss is **GRANTED** with prejudice.

I. BACKGROUND

Plaintiff Kennard Jarrett commenced this action by filing his Original Petition in state court on September 2, 2010, asserting claims against Defendant Chase Home Finance for predatory lending, fraud, violations of the Truth in Lending Act, breach of the implied covenant of good faith and fair dealing, and breach of contract. Jarrett brings these claims in connection with a loan he obtained from Chase. The Original Petition does not specify the nature of this loan or the date of its origination, but later filings have revealed that this case arises from a home mortgage that Chase claims was obtained in November 2005.

Chase timely removed this case to federal court on September 22, 2010, and filed a

Motion to Dismiss six days later. Jarrett filed a response to the Motion to Dismiss on November 19, 2010, thirty days after it was due. The response states merely that Jarrett "denies that [he] fails to state a claim upon which relief may be granted." (Pl.'s Resp. 1.)

On December 31, 2010, Jarrett filed a Motion for Leave to File Amended "Petition" (hereinafter, "First Motion to Amend"), to which he attached, as Exhibit A, a document titled "Plaintiff's 1st Amended Petition." In a notice filed on January 4, 2011, Chase stated that it did not oppose Jarrett's request to file that document, and on the same day the Court granted Jarrett leave to amend. On January 11, Jarrett filed a document titled "Plaintiff's 1st Amended Petition" (hereinafter, "First Amended Complaint"); however, the document Jarrett filed was substantively different from the document he had attached to his First Motion to Amend.

On January 12, 2011, before this discrepancy was brought to the Court's attention, the Court denied Chase's Motion to Dismiss as moot because the pleading Chase sought to dismiss, the Original Petition, was no longer Jarrett's live pleading. However, on January 17, Chase moved to strike the First Amended Complaint, arguing that it was not the document the Court had granted Jarrett leave to file because it differed from the document attached to Jarrett's First Motion to Amend. Before the Court ruled on Chase's Motion to Strike, however, Jarrett filed his "Motion for Leave to File 2nd Amended Petition" (the "Second Motion to Amend"). Attached to the Second Motion to Amend was a document titled "Plaintiff's 2nd Amended Petition" (hereinafter, "Second Amended Complaint"), which contained only a breach of contract claim identical to the one in the Original Petition.

On January 24, 2011, the Court granted Chase's Motion to Strike, and Jarrett's First Amended Complaint was stricken. Once again, the Original Petition became Jarrett's live pleading in this case. Thus, on February 11, Chase filed a Motion Reurging Its Previously Filed

Motion to Dismiss because its original Motion to Dismiss was no longer moot.

On March 15, 2011, the Court granted Jarrett's Second Motion to Amend, allowing him to file his Second Amended Complaint in the exact form attached to his Second Motion to Amend, by March 18, 2011.  Jarrett filed his Second Amended Complaint on April 8, 2011, more than three weeks after the date set by the Court.  On April 15, 2011, Jarrett moved to remand this case to state court for lack of subject matter jurisdiction, arguing that the amount in controversy requirement was not satisfied at the time of removal.

On April 18, 2011, Chase moved to strike Jarrett's Second Amended Complaint as filed without leave of court.

## II.     ANALYSIS

A.     Motion to Strike

Chase argues that Jarrett's Second Amended Complaint was filed without leave of court and should therefore be stricken from the record.  Although the Court granted Jarrett leave to file his Second Amended Complaint "on or before March 18, 2011," it declines to strike the Second Amended Complaint for being untimely.  (Mem. Op. & Order 3, Mar. 15, 2011.)  The content of the Second Amended Complaint is unchanged from when it was attached to the Second Motion to Amend, so Chase will not suffer any unfair surprise if the Second Amended Complaint is not stricken.  Furthermore, the Second Amended Complaint significantly narrows Jarrett's claims, eliminating all but the breach of contract claim, and thus, does not prejudice Chase.  Therefore, the Motion to Strike is **DENIED**, and Jarrett's Second Amended Complaint is the live pleading in this case.

B.  Motion to Remand

In his Motion to Remand, Jarrett argues that the Court lacks diversity jurisdiction over this case because the amount in controversy is less than $75,000, and the case must therefore be remanded to state court pursuant to 28 U.S.C. § 1447(c).  However, diversity was not the only jurisdictional basis on which Chase removed this case—Chase also removed the case on the basis of federal question jurisdiction because Jarrett's Original Petition alleged a violation of the Truth In Lending Act (TILA), 15 U.S.C. § 1601.  (Orig. Pet. 3); *see Mitchell v. JP Morgan Chase Bank*, No. 3:06-cv-2307-R, 2007 WL 636157, at *1–2 (N.D. Tex. Mar. 2, 2007) (Buchmeyer, J.) (holding that TILA claims are removable pursuant to federal-question jurisdiction).

"It is a fundamental principle of law that whether subject matter jurisdiction exists is a question answered by looking to the complaint as it existed at the time the petition for removal was filed."  *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 507 (5th Cir. 1985).  Thus, "a plaintiff's voluntary amendment to a complaint after removal to eliminate the federal claim upon which removal was based will not defeat federal jurisdiction."  *Id.*  Because Jarrett's Original Petition contained a claim arising under federal law, all of his claims were removable regardless of the amount in controversy, and the absence of the federal TILA claim from his Second Amended Complaint has no effect on the Court's jurisdiction over his remaining claim for breach of contract.  Therefore, Jarrett's Motion to Remand is **DENIED**.

C. Motion to Dismiss[1]

In its Motion to Dismiss, Chase seeks to dismiss Jarrett's Second Amended Complaint for failure to state a claim, pursuant to Rule 12(b)(6).

1. Motion to Dismiss Standard

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it does demand more than an unadorned accusation devoid of factual support. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009) (citations omitted). While a court must accept all of the plaintiff's allegations as true, it is not bound to accept as true "a legal conclusion couched as a factual allegation." *Id.* at 1949-50 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). The Court will not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements," which "do not permit the court to infer more than the mere possibility of misconduct." *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 246 (5th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1949-50). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Twombly*, 550 U.S. at 570.

2. Analysis

Of the five claims alleged in the Original Petition, the Second Amended Complaint retains only the breach of contract claim. The "Facts" section of the Second Amended

---

[1] Although the Court dismissed Chase's first Motion to Dismiss as moot, Chase reurged its Motion after Jarrett's First Amended Complaint was stricken. In the Opinion granting Jarrett leave to file his Second Amended Complaint, the Court specifically stated that it would not again dismiss Chase's Motion as moot because the allegations in the Second Amended Complaint were the same as the breach of contract allegations in the Original Complaint, and Chase had specifically addressed those allegations in its Motion to Dismiss. Thus, through Chase's Motion Reurging Its Previous Motion to Dismiss, the arguments for dismissing the breach of contract claim in the Original Petition are presently before the Court.

Complaint contains only the following two sentences: "Defendant acted as the mortgage bank for Plaintiff's home loan. Defendant has breached the contract by misapplying payments received from Plaintiff." Unchanged from the Original Petition, the breach of contract claim in the Second Amended Complaint states as follows:

    1.    Plaintiff's cause of action is based upon breach of contract.

        a.    This action is to recover damages sustained by Plaintiff arising from Defendant's misapplication of Plaintiff's payments. Plaintiff seeks damages in the amount of $74,999.99.

        b.    Defendant refused to apply the payments appropriately, and has threatened to Foreclose.

        c.    All conditions precedent to Plaintiff's right to recovery have occurred.

        d.    As a result of the Defendant's breach, Plaintiff has been damages [sic] against the Defendant.

(Second Am. Compl. 2.)

Under Texas law, breach of contract requires "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach." *Smith Int'l, Inc. v. Egle Group, LLC*, 490 F.3d 380, 387 (5th Cir. 2007) (quoting *Valero Mktg. & Supply Co. v. Kalama Int'l, L.L.C.*, 51 S.W.3d 345, 351 (Tex. App.—Houston [1st Dist.] 2001, no pet.)). The Second Amended Complaint does not specify what provision or even what contract was allegedly breached. *Fannie Mae v. U.S. Prop. Solns., L.L.C.*, No. H-08-3588, 2009 LEXIS 36126, at *6 (S.D. Tex. April 28, 2009) (dismissing breach of contract claim where property owner did not specify what contract or provision of the contract was allegedly breached). Rather, it merely recites legal conclusions, providing the Court with almost no factual allegations in support of the elements required to prove breach of contract. Thus, the Second Amended

Complaint fails to sufficiently plead a claim for breach of contract. As breach of contract is the only claim in the Second Amended Complaint, this case is dismissed.

Furthermore, this dismissal is with prejudice and without leave to amend. Although a formal motion seeking leave to amend is not always required, a party seeking such leave must at least set forth with particularity the grounds for the amendment and the relief sought. *U.S. ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003). "'[A] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion [for leave to amend].'" *Id.* (first alteration in original) (citation omitted) (quoting *Confederate Mem'l Ass'n, Inc. v. Hines*, 995 F.2d 295, 299 (D.C. Cir. 1993)).

Here, Jarrett has not made any request, bare or otherwise, to amend his pleadings. He did not request leave to amend in his untimely Response to Chase's Motion to Dismiss, and did not respond at all to Chase's Motion Reurging its Previous Motion to Dismiss. Due to the absence of *any* request to amend the pleadings, and in light of Jarrett's repeated failures to abide by this Court's prior Orders regarding amendment, the Court declines to sua sponte grant Jarrett leave to amend.

### III. CONCLUSION

Jarrett's Second Amended Complaint fails to sufficiently plead its only claim—breach of contract. Furthermore, Jarrett has not requested leave to amend and has repeatedly failed to comply with the Court's Orders regarding amendment. Therefore, this case is **DISMISSED** with prejudice.

**SO ORDERED**.

May 3, 2011.

BARBARA M. G. LYNN
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF TEXAS